Learned, P. J.
The plaintiff commenced an action April 1Y, 1885, alleging simply the sale of goods and demanding payment therefor. An order of arrest was obtained November 19, 1885, on affidavits alleging matters of fraud extrinsic to the cause of action under subdivision 2, § 550, Code Civ. Pro., as it then existed; and the defendant was arrested and gave bail the next day. The motions were made, and denied, to set aside this order.
The cause being at issue on complaint, and answer, was noticed for trial at circuit in October, 1886, and an inquest was there taken and judgment entered in favor of the plaintiff October 26, 1886. An execution against property was issued the next day and was returned unsatisfied. An execution against the person was then issued.
By chapter 6Y2 of the Laws of 1886, § 550, was amended so as practically to leave subdivision 4 in force. And section 549 was also amended so that practically subdivision 2 *569 of section 550, as it previously existed, was made part of subdivision 5 of section 549.
Thus, as the sections were made to read by this amendment, the fraud of disposing of property with intent to defraud creditors was to be alleged in the complaint.
We may remark here that the affidavits on which the order was obtained are not before us. But it is stated in one affidavit that the order was obtained under section 550. And subdivision 2 of that section is the only subdivision which it would seem could be applicable. We may, therefore, assume, as stated in the plaintiff’s points, that the order was granted under subdivision 2 of section 550.
There are two questions raised here:
First. That the defendant has never paid the motion costs of the motion to set aside the order of arrest, and ■hence is stayed from moving to vacate the execution against the person.
Second. That as the order of arrest was granted and executed before the amendment of 1886, it was not affected by that amendment
The first position was taken by plaintiff on the hearing of the motion, as appears by the papers, and is on the plaintiff’s points; but it is not referred to by the defendant.
Section 779 of the Code of Civ. Pro. is plain that all proceedings on the part of the party required to pay costs are stayed. The Code is explicit, and it is hardly necessary to cite cases. We may refer to National Bank v. Hansee (7 Browne Civ. Pro. Rep., 350).
The motion to set aside the execution against the person cannot reasonably be considered as coming under the exception in section 779 of a proceeding “to review or vacate, the order.”
But further, on the merits, the motion was properly denied. The order of arrest had been properly granted. The amendment of 1886 did not annul the order, and there is no-reason to construe that amendment as having such an effect. The defendant argues that the plaintiff might have amended his complaint so as to conform to the provisions of section 449, as amended. But why should he amend his complaint? If chapter 672 of the Laws of 1886 annulled the plaintiff’s order, then it would be of no use to amend his complaint, except as the basis of an application for a. new order of arrest. While if that chapter did not annul, the plaintiff’s order of arrest, then such order remained valid, and is valid still.
Now, without some express words to that effect, there is no reason to think that the legislature intended to annul *570 and make invalid all orders of arrest which had previously been granted lawfully. To do so would be unjust.
The order appealed from is affirmed, with ten dollars costs and disbursements.
Parker and Landon, JJ., concur.